UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS WINFERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02116-TWP-DML |
| | ) | |
| COMMUNITY CORRECTION OF MARION | ) | |
| COUNTY, | ) | |
| LAURA BASSETT, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Dennis Winfert alleges that the defendants violated his civil rights by denying his need for a sign-language interpreter. Because Mr. Winfert was incarcerated when he filed his complaint, the Court must screen the complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

The Court must dismiss the amended complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes Mr. Winfert's pro se pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### II. The Complaint

A court ordered Mr. Winfert, who was born deaf, to complete a class through Marion County Community Corrections. Mr. Winfert informed Laura Bassett, a Community Corrections employee, that he would need a sign-language interpreter to complete the class. She refused his request, and he could not understand the contents of the class.

### III. Discussion of Claims

The action **will proceed** with claims for damages against Community Corrections and Ms. Bassett. These claims will proceed under the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment.

### IV. Conclusion and Issuance of Process

The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Fed. R. Civ. P. 4(d). Process will consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The claims discussed in Part III are the only claims the Court has identified in the complaint. If Mr. Winfert believes he asserted additional claims, he must notify the Court **no later than April 26, 2022**.

**IT IS SO ORDERED.**

Date: 3/31/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

2

Distribution:

DENNIS WINFERT
1712 S. Meridian Street
Indianapolis, IN 46225

Marion County Community Corrections
40 S. Alabama St.
Indianapolis, IN 46204

Laura Bassett
Marion County Community Corrections
40 S. Alabama St.
Indianapolis, IN 46204